Filed 5/5/15  Neat Auto Detail & Supply v. City of Maywood CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NEAT AUTO DETAIL & SUPPLY, INC. et al., | B258375 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. VC063380) |
| v. | |
| CITY OF MAYWOOD, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Roger Ito, Judge.  Affirmed.

Law Offices of Michael B. Montgomery and Michael B. Montgomery for Plaintiffs and Appellants.

Jones & Mayer, James R. Touchstone and Elena Q. Gerli for Defendant and Respondent.

_____

Neat Auto Detail & Supply, Inc. (Neat Auto) and Xpress Fleet Wash, LLC (Xpress Fleet) (collectively the Neat Auto Parties) appeal the judgment in favor of respondent City of Maywood (City) following its successful motion for judgment on the pleadings. According to the Neat Auto Parties, the trial court improperly ruled: (1) the Maywood Zoning Ordinance (MZO) prohibits the washing of truck tractors at a car wash operated by Xpress Fleet on Neat Auto's land; and (2) the Neat Auto Parties are not entitled to injunctive relief.

We find no error and affirm.

## FACTS

**The Operative Pleading**

The operative pleading, the First Amended Complaint (FAC), alleged:

Neat Auto owns commercially zoned property (property) in the city and leases the property to Xpress Fleet, which uses it as a car wash. Since 2006, Xpress Fleet has washed truck tractors.[1]

On August 18, 2009, the City's Planning Commission passed Resolution No. PC-554, which granted the Neat Auto Parties a conditional use permit (CUP) to "expand an existing auto detail [facility]."

The CUP impliedly permits the washing of truck tractors. Moreover, the building plans for the expansion show a heightened clearance for truck tractors in the wash bays. Thus, the washing of truck tractors is permitted. Nonetheless, the City advised Neat Auto that no truck wash or truck related business would be permitted on the property. In addition, Neat Auto was directed to remove any truck wash related signs, banners, etc. or risk having the CUP revoked.

---

[1] The FAC also alleges that Xpress Fleet has been washing bobtails since 2007. The parties do not suggest that there is a meaningful distinction between bobtails and truck tractors for purposes of the issues on appeal. Consequently, any reference to truck tractors in this opinion encompasses bobtails. Vehicle Code section 655, subdivision (a) provides: "A 'truck tractor' is a motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load, other than a part of the weight of the vehicle and the load so drawn."

Neat Auto applied for a code amendment to permit truck washing in the commercial manufacturing zone (CM Zone) where the property was located. The application was denied.

Based on the preceding allegations, the Neat Auto Parties requested a declaration as to whether "the washing of truck-tractors, without trailers, and bob-tails[,] constitutes 'truckwashing' in violation of [the MZO][.]" According to the Neat Auto Parties, "truck tractors and bob-tails are not 'big rig' 'trucks' as contemplated by [the City's] ordinance prohibiting truck washing[.]" In addition, they requested that the trial court enjoin the City from commencing termination proceedings against Neat Auto or citing Xpress Fleet for violating the MZO in the absence of an abatement procedure or period.

**Judgment On the Pleadings**

The City moved for judgment on the pleadings and argued that the Neat Auto Parties were not entitled to relief because neither the CUP nor MZO permits the washing of truck tractors on the property, and because the Neat Auto Parties failed to establish grounds for equitable estoppel.

The motion was granted, and judgment was entered in favor of the City. This timely appeal followed.

## DISCUSSION

### I. Standard of Review.

When reviewing the propriety of a trial court's decision to grant judgment on the pleadings, "we accept as true the facts alleged in the complaint and review the legal issues de novo. 'A motion for judgment on the pleadings, like a general demurrer, tests the allegations of the complaint or cross-complaint, supplemented by any matter of which the trial court takes judicial notice, to determine whether plaintiff or cross-complainant has stated a cause of action. [Citation.] . . . .'" (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 166.)

3

## II. Declaratory Relief.

In cases of actual controversy relating to the legal rights and duties of respective parties, a party may bring an original action for a declaration of his or her rights and duties.  (Code Civ. Proc., § 1060.)

Here, the FAC requested a declaration as to whether washing truck tractors on the property violates the MZO.

We must give deference to a public entity's interpretation of its own ordinances. (*Gray v. County of Madera* (2008) 167 Cal.App.4th 1099, 1129–1130.)  Consequently, a public entity's "application of the law will be upheld unless it is arbitrary, capricious, lacks any rational basis [citation], or disregards the plain meaning of the ordinance [citation]."  (*Robinson v. City of Yucaipa* (1994) 28 Cal.App.4th 1506, 1516 [applying the rule of deference to a commission's interpretation of ordinances].)  With these rules firmly in mind, we turn to the MZO

"Automobile Detailing" is defined as "[a]n establishment which performs hand-washing, waxing and interior cleaning of passenger vehicles."  (MZO, No. 2000, § 2020.10.)

Appendix A to the MZO provides a listing of land uses that are allowed by right, by administrative permit, or conditional use permit, and the land uses that are prohibited. It establishes that a "Car Wash, Automatic," a "Car Wash, Full Service," and a "Car Wash, Self Serve" are permitted in the CM Zone.  (MZO, No. 2000, § 4040.40.) Appendix A makes no reference to truck or tractor trailer washing.

According to the Neat Auto Parties, a truck tractor is a passenger vehicle that can be washed in the CM Zone.  The City interprets the phrase "passenger vehicles" in a manner that excludes tractor trailers, and the MZO in a manner such that washing tractor trailers is not a permitted land use.

We conclude that the City must prevail on this issue because its interpretation is a reasonable one.  Vehicle Code section 465 provides:  "A 'passenger vehicle' is any motor vehicle, other than a . . . truck tractor, . . . and used or maintained for the transportation of persons."  Based on this statute, it cannot be said that the City's interpretation of

4

"passenger vehicle" is arbitrary or capricious. Moreover, it is rational for the City to interpret the MZO as prohibiting any use that is not specifically allowed, i.e., the washing of tractor trailers. To the degree that the Neat Auto Parties suggest that a car wash is different than an automobile detailing facility, and that a car wash is a broad concept that would allow truck tractors to be washed, we disagree. While true that the term "car wash" is not defined in the MZO, the operative word in that term is "car," and it is reasonable for the City to interpret the word car to mean passenger vehicle rather than all vehicles.

## III. Injunctive Relief.

The FAC alleges: "The Court has inherent power to enjoin and restrain [the City] from commencing termination proceedings against [Neat Auto] on the grounds stated in the absence of an established abatement procedure[,] and in so doing affect [its] property rights." The prayer requested that the trial court "enjoin [the City] from citing [Xpress Fleet] for washing truck tractors and bobtails at the [property] under its existing code in the absence of an abatement period."

In its written ruling, the trial court stated that because the City was entitled to judgment on the pleadings as to the declaratory relief cause of action, there was "no legal basis for [the Neat Auto Parties'] request for injunctive relief." We presume that the trial court was correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is incumbent upon the Neat Auto Parties to establish the contrary. However, they offer no explanation for why the trial court erred, nor do they explain what a "termination proceeding" is, what an "abatement procedure" or "abatement period" are, and why such a procedure or period is required by law. "'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]'" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

## IV. Estoppel.

In their appellate briefs, the Neat Auto Parties offer a nebulous argument about equitable estoppel. They fail to explain why the FAC establishes equitable estoppel, and

5

why it entitles them to the requested declaratory and injunctive relief.  Nonetheless, we recognize that the FAC alleges this:  "A property owner who has obtained a building permit, completed substantial work, and incurred substantial liabilities in reliance on that permit[,] obtains a vested right to finish the project within the scope of the permit notwithstanding changes in the applicable land use regulations, and [the City] is estopped to deny [the Neat Auto Parties'] use."

The FAC fails to allege sufficient facts to establish equitable estoppel.

This doctrine "requires:  (a) a representation or concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party ignorant, actually and permissibly, of the truth; (d) with the intention, actual or virtual, that the ignorant party act on it; and (e) that party was induced to act on it.  [Citation.]"  (*Simmons v. Ghaderi* (2008) 44 Cal.4th 570, 584.)

"[T]he general rule is that a city may not be estopped by the conduct of its officers or employees.  [Citation.]"  (*Lundeen Coatings Corp. v. Department of Water & Power* (1991) 232 Cal.App.3d 816, 830.)  Applying it to a city "'is justified only when the facts clearly establish that a grave injustice would be done if an equitable estoppel were not applied.'  [Citation.]"  (*Ibid.*)

There are no allegations that the City represented that the Neat Auto Parties could wash truck tractors on the property.  Thus, this is not a situation where there would be a grave injustice absent equitable estoppel.  And, in any event, the FAC did not request a declaration that the City was estopped from applying the MZO.  Rather, it requested that the MZO be interpreted, which is entirely different.  Equitable estoppel cannot affect the meaning of a law, only its application.  A similar infirmity pertains regarding the requested injunctive relief.  Whether the City should be estopped from enforcing the law has no apparent relationship to whether the City should be required to utilize an abatement procedure or period before taking adverse action.

All other issues are moot.

6

**DISPOSITION**

The judgment is affirmed.

The City shall recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
          ASHMANN-GERST

We concur:

_____, P. J.
      BOREN

_____, J.
      CHAVEZ